IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAROLD J. ULEP, #A0235774,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>Defendants. | CIVIL NO. 20-00532 JAO-KJM<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is Plaintiff Darold J. Ulep's ("Ulep") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Ulep alleges that Defendants[1] violated his civil rights during his current pretrial confinement at the Oahu Community Correctional Center ("OCCC"), where he tested positive for COVID-19. *Id.* at 5. For the following reasons, the Complaint is DISMISSED with partial leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

---

[1] Ulep names as Defendants the State of Hawaii Department of Public Safety and the Department of Health. ECF No. 1 at 1.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

At some point during Ulep's pretrial detention at the OCCC, he was quarantined for eighteen days. ECF No. 1 at 5. Ulep took three COVID-19 tests between August 9 and August 25, 2020. *Id.* On August 28, 2020, he received a

---

[2] Ulep's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

positive test result. *Id.* Ulep claims that during an unspecified period he was housed with three other inmates in a "small" cell. *Id.* Ulep further claims that social-distancing policies were not followed at the OCCC. *Id.* Ulep seeks $1,150,000 in damages, $500,000 in life insurance, and "executive medical insurance."[3] *Id.* at 9.

### III. DISCUSSION

**A.   Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v.*

---

[3] To the extent Ulep asks the Court to dismiss pending state criminal charges, ECF No. 1 at 9, such a claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43–46 (1971).

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

**B.     Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Ulep names as Defendants the State of Hawaii Department of Public Safety and the Department of Health. ECF No. 1 at 1. Any claims against the State of Hawaii and its agencies are barred by the Eleventh Amendment. *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)); *Blaisdell v. Haw. Dep't of*

*Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Woods-Bateman v. Hawaii*, Civ. No. 07-00119 HG LEK, 2008 WL 2051671, at *4–5 (D. Haw. May 13, 2008) (concluding that claims against the Department of Health were barred by the Eleventh Amendment). Ulep's claims against the State of Hawaii Department of Public Safety and the Department of Health are DISMISSED with prejudice. Ulep may amend his pleading, however, to name a proper defendant or defendants.

**C.     Fourteenth Amendment Claims**

If Ulep chooses to file an amended pleading, he must consider the following legal standards. Ulep alleges that certain conditions of his pretrial confinement at OCCC violated the Eighth Amendment. ECF No. 1 at 5. Where a pretrial detainee challenges conditions of confinement, however, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks and citation omitted). The standard under the Fourteenth Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's

bar against cruel and unusual punishment." *Olivier v. Baca*, 913 F.3d 852, 858 (9th Cir. 2019) (internal quotation marks and citation omitted).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote omitted);[4] *see also Block v. Rutherford*, 468 U.S. 576, 583–85 (1984). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" *Bell*, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

The elements of a threat-to-safety or denial-of-medical-care claim under the Fourteenth Amendment are the same. The plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available

---

[4] Although *Bell* considered a claim under the Due Process Clause of the Fifth Amendment, the same standards apply under the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

>   measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted); *see id.* (threat to safety); *Gordon*, 888 F.3d at 1124–25 (denial of medical care); *see also Gay v. California*, No. 2:20-cv-1276 AC P, 2020 WL 3839805, at *3 (E.D. Cal. July 8, 2020) (Claire, Mag. J.) ("The instant complaint, premised solely on plaintiff's alleged inability to socially distance from other detainees, does not state a cognizable Fourteenth Amendment claim.").

## IV.  **LEAVE TO AMEND**

The Complaint is DISMISSED with partial leave granted to amend.  Ulep may file a first amended complaint on or before **January 11, 2021** that attempts to cure the deficiencies in his claims.  Ulep may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to his Complaint are subject to dismissal.

Ulep must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading.  An

amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4. Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). If Ulep fails to timely file a first amended complaint that cures the deficiencies in his claims, this action may be dismissed, and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[5]

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Ulep's claims against the State of Hawaii, Department of Public Safety, and Department of Health are

---

[5] Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

dismissed with prejudice. Ulep may amend his pleading to name a proper defendant or defendants.

(2) Ulep may file an amended pleading that cures the deficiencies in his claims on or before **January 11, 2021**.

(3) The Clerk is directed to send Ulep a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(4) If Ulep fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 11, 2020.



Jill A. Otake
United States District Judge

*Ulep v. State of Hawaii Department of Public Safety, et al.*, Civ. No. 20-00532 JAO-KJM; ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND